Opinion by KEEFE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 48913.**—Petition 6097–R of Osaki Shoten, Ltd. (Honolulu).

Opinion by EKWALL, J. The petition was dismissed.

BEFORE THE FIRST DIVISION, OCTOBER 23, 1943

**No. 48914.**—Protests 55032–K, etc., of Arlan Trading Corp. et al. (New York).

Opinion by OLIVER, P. J. Exhibit 1 showed the article to consist of small, slightly curved articles manufactured from mother-of-pearl, about 1¾ inches long and ½ inch wide, cut or engraved on the surface to simulate an oak leaf. About ¼ inch from each end a hole has been bored completely through the article for the purpose of attaching the ends of a wire used to spell a name and to attach a pin or other fastening device. It was found that the entire article, after importation, is so devised that it can be sold as a very inexpensive brooch. At the trial it was conceded by Government counsel that the article is made from mother-of-pearl, that mother-of-pearl comes from a shell form, and that it has been cut and ornamented. The vice president of the plaintiff corporation established that the imported pearl articles were used solely for the purpose of being made into cheap brooches which he designated as jewelry, and that he had made samples of other completed articles, using the imported merchandise for hatpins, belt buckles, shoe buckles, and zipper pulls, but that he had never sold such articles commercially. Two witnesses testified on behalf of the Government. From the entire record the court was of the opinion that these articles are only suitable for use as brooches and that the brooches so made are commonly known as jewelry. *United States* v. *Cohn* (19 C. C. P. A. 137, T. D. 45259) was cited, but that case referred to paragraph 1428, Tariff Act of 1922, which uses the same language, namely, "jewelry, commonly or commercially so known, finished or unfinished," but the Tariff Act of 1930, however, added the provision "including parts thereof" to the jewelry paragraph. On the record presented it was found that the articles are prope ly dutiable as parts of jewelry as assessed. The protests were therefore overruled.

**No. 48915.**—Protest 69001–K of New York Mdse. Co., Inc. (Los Angeles).

Opinion by OLIVER, P. J. Plaintiff's sole witness, manager of the plaintiff corporation, testified that he and his friends had used these balls to play "catch" at several beaches in California and that the balls, being gas filled, were especially adapted for beach use because they would float in water. He stated he had seen the balls used by both adults and children and he thought they were mainly used by adults, i. e., roughly about 60 percent by adults and 40 percent by children. and added that that was a guess. On cross-examination he testified that he would give this ball to children for amusement, and, further, in answer to the question, "So you could call it a toy?" he answered "One interpretation, yes, s:r."