BEFORE THE FIRST DIVISION, APRIL 1, 1952

**No. 56516.**—B. Fu C. Mazza *v.* United States, protest 150828–K (New York).

OLIVER, Chief Judge: The merchandise involved herein consists of certain small mother-of-pearl scarabs which were classified by the collector under paragraph 1527 (a) (2) of the Tariff Act of 1930 (as modified by the General Agreement on Tariffs and Trade, T. D. 51802), at the rate of 55 per centum ad valorem as parts of jewelry. It is claimed properly dutiable under paragraph 1538 of the same act, as modified by T. D. 51802, *supra*, at the rate of 25 per centum ad valorem as "pieces of shells, engraved, cut, ornamented, or otherwise manufactured," or alternatively under paragraph 1528 of the same act, as modified (T. D. 51802), as cameos, at 5 per centum ad valorem, either directly or by similitude, under paragraph 1559 of the said tariff act.

The pertinent parts of the provisions of the involved tariff paragraphs are as follows:

PAR. 1527 (a) (2) [as modified by T. D. 51802]. Jewelry, commonly or commercially so known, finished or unfinished (including parts thereof):

\* \* \* \* \* \* \* \*

\* \* \* of whatever material composed, valued above 20 cents per dozen pieces, 55% ad val.

PAR. 1538 [as modified by T. D. 51802]. \* \* \* shells and pieces of shells engraved, cut, ornamented, or otherwise manufactured, 25% ad val.

PAR. 1528 [as modified by T. D. 51802]. \* \* \* cameos, \* \* \* cut but not set, and suitable for use in the manufacture of jewelry:

\* \* \* \* \* \* \*

Other, 5% ad val.

PAR. 1559. That each and every imported article, not enumerated in this Act, which is similar, either in material, quality, texture, or the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned \* \* \*.

The imported scarabs were made from large pieces of mother-of-pearl which had been shipped by the plaintiff to the manufacturer in Italy where the work was done. The finished articles were exported to this country in the form of the scarabs here before us. An official sample of the merchandise is in evidence (plaintiff's exhibit 1). This particular sample is oval in shape, approximately ½ inch long and ¼ inch in width, flat on the bottom, convex on the top, which has been cut to simulate a beetle. It is dark in color, but the record discloses

that no attempt was made on importation to achieve uniformity in color as the color of the finished article depends upon the color of the portion of the mother-of-pearl shell from which the oval, representing the outside contour of the finished article, is cut. A further sample, lighter in color but of the same design, is also in evidence (plaintiff's exhibit 2).

At the hearing, a partner in the plaintiff firm testified that in addition to shipping mother-of-pearl to be manufactured into scarabs, his company shipped similar mother-of-pearl to be cut into rosary beads and charms. He further stated that he had seen scarabs such as those in question used on bracelets, rings, and earrings. When used on a bracelet, they are mounted on gold or silver (R. 6). The witness further stated that there is nothing in the scarab itself which would limit its use to the above-mentioned items; that different-colored stone scarabs such as those of amethyst, cornelia, black onyx, topaz, and rose quartz are used in the same bracelet with scarabs of the mother-of-pearl in order to achieve a better effect. He conceded that the articles into which these scarabs are made, namely, bracelets, rings, and earrings, are items of jewelry. On cross-examination, the witness admitted that mother-of-pearl is softer than amethyst, cornelia, black onyx, topaz, and rose quartz.

The Government called as its witness the assistant appraiser of merchandise at the port of New York who handles importations of precious, semiprecious, and imitation precious and semiprecious stones. He stated that cornelia, black onyx, topaz, Russian lapidus, and rose quartz were semiprecious stones; that the diamond and ruby were precious stones; that the pearl was considered to be a precious stone, although of organic substance. He further testified that mother-of-pearl was a common substance from the shell of the pearl but that it was neither a precious nor a semiprecious stone, nor was it recognized in the trade as such. On cross-examination, the witness stated that cameos were neither precious nor semiprecious stones but were a type of cutting, and that a cameo can be made from an emerald or an ordinary conch shell. A cameo made out of mother-of-pearl would not be considered a semiprecious stone but "just a cameo out of mother-of-pearl" (R. 13). He stated further that both cameos and scarabs were forms of cutting. A cameo has a raised surface, whereas the scarab (beetle design) is cut or engraved into the surface. Cameos and scarabs in a general sense are used in the same way.

The provision under which the merchandise herein was classified (paragraph 1527 (a) (2)) covers "Jewelry, commonly or commercially so known, finished or unfinished (including parts thereof) * * * of whatever material composed." The record in this case shows that the articles here in question are used in bracelets, rings, and earrings which were conceded by the plaintiff's witness to be jewelry, and when used on bracelets they are mounted on gold or silver.

In *Arlan Trading Corp. et al.* v. *United States*, 11 Cust. Ct. 296, Abstract 48914, the merchandise consisted of small, slightly curved articles manufactured from mother-of-pearl, about 1¾ inches long and ½ inch wide, cut or engraved on the surface to simulate an oak leaf. About ¼ inch from each end, a hole had been bored completely through the article. These holes were for the purpose of attaching the ends of a wire used to spell a name and to attach a pin or other fastening device. The merchandise was classified for duty under the provisions in paragraph 1527 (a) as parts of jewelry and was claimed properly dutiable under paragraph 1538 of the said act for "shells and pieces of shells engraved, cut, ornamented, or otherwise manufactured * * *." It appeared that the holes were spaced for the specific purpose of manufacturing the finished article. The imported articles were there used solely for the purpose of being made into cheap brooches, which the plaintiffs' witness designated as jewelry. The witness stated that while the articles could be used for other purposes, they were never so used. On the record thus made, this court held that the articles so made were only

suitable for use as brooches and that the brooches so made are commonly known as jewelry.

In *United States* v. *Cohn & Rosenberger, Inc.*, 19 C. C. P. A. 137, T. D. 45259, our appellate court, in holding certain small carved roses made from bone dutiable as jewelry rather than as manufactures of bone, stated, pages 140–141:

> In the case at bar it is conceded that the bone articles are not so manufactured as to be dedicated to the making of one particular article of jewelry such as an earring alone, but that they are so far manufactured as to be dedicated to the making of earrings, brooches, and pendants, all three of which finished articles are conceded to be jewelry.

There is no proof in the present record that these mother-of-pearl scarabs are used for any other purpose than for the making of articles admittedly jewelry. On the contrary, it would appear that they have been so far advanced in manufacture as to make them unusable for any other purpose. There is a presumption of correctness attaching to the collector's classification that the imported articles are parts of jewelry, commonly or commercially so known. This presumption of correctness has not been overcome by a showing to the contrary on the part of the plaintiff. On the record before us and the cited authorities, we hold that these articles are properly dutiable as "parts" of jewelry, as classified.

The provision contained in paragraph 1527 (a) (2) for parts of jewelry is an *eo nomine* designation by use and prevails over the *eo nomine* designation in paragraph 1538 of the tariff act for "shells and pieces of shells engraved, cut, ornamented, or otherwise manufactured * * *," under which the plaintiff claims. (*Forstmann* v. *United States*, 28 C. C. P. A. (Customs) 222, C. A. D. 149.)

The plaintiff alternatively claims that the merchandise is dutiable directly as "cameos" under paragraph 1528. There is no proof in this record to establish that scarabs are "cameos." While the record establishes that they are both forms of cutting, the undisputed testimony of the Government's witness indicates that these articles are produced differently, namely, a cameo has a raised surface, whereas the scarab is dug into and engraved to produce the effect intended. Webster's New International Dictionary, 1948 edition, pages 384–5, defines a cameo as follows:

> **cameo,** *n.* **1.** A gem carved in relief, esp. sculpture on a stone, as onyx or sardonyx, a shell, or other material, usually having layers of different colors, the figure being cut in relief in one layer, another serving as background. * * * **2.** Carving or sculpture of such a kind; * * *.

An examination of plaintiff's exhibits 1 and 2 indicates that the imported scarabs are not "cameos." The imported articles are not carved and are not in relief. We hold, therefore, that the imported scarabs are not dutiable as "cameos."

The plaintiff further claims alternatively that the merchandise is dutiable as "cameos" under paragraph 1528 by virtue of the similitude provisions of paragraph 1559 of the tariff act. It is well settled, however, that the similitude clause in the tariff act is applicable only where the merchandise to which the similitude provisions are to be applied is nonenumerated. These articles which are "parts" of jewelry have been sufficiently enumerated so as to take them out of the similitude clause. The merchandise before us is not dutiable by similitude to "cameos."

The protest is overruled. Judgment will be issued accordingly.